## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTIN DOLL,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ISAACS AND COHEN, LLC,** *et al.*, | : | **No. 19-5027** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                           APRIL 1, 2020

Kristin Doll, a citizen of Pennsylvania, alleges that while she was employed as a dental assistant at Isaacs & Cohen, LLC,[1] a dental practice, Defendants created a hostile work environment leading to her constructive discharge. Ms. Doll brings claims against fellow Pennsylvania citizens exclusively under state statutory and common law. Because Ms. Doll cannot properly invoke federal question jurisdiction, diversity of citizenship, or supplemental jurisdiction, the Court dismisses this action for lack of subject matter jurisdiction.

### BACKGROUND

Ms. Doll alleges that she was employed as a dental assistant at Isaacs & Cohen, LLC and First Class Dental PA, LLC.[2] She alleges that Dr. Andrew Cohen, the owner of Isaacs & Cohen, LLC, subjected her to lewd and sexually suggestive conduct and comments. According to Ms. Doll, Mr. Cohen's alleged conduct created a hostile work environment and eventually led to her constructive discharge.

---

[1]     In its motion to dismiss, Defendants assert that Isaacs and Cohen, LLC is a defunct limited liability corporation that ceased existence after Dr. Andrew Cohen's former partner retired.

[2]     According to Ms. Doll, First Class Dental PA, LLC is a business organization operating "collectively with Issacs [sic] & Cohen." Am. Compl. at ¶ 3 (Doc. No. 11).

Ms. Doll's initial complaint brought eight causes of action against Isaacs & Cohen, LLC; First Class Dental Pa, LLC; Mr. Cohen; and Johanna Pierson, the office manager of Isaacs & Cohen. Pertinent here, Ms. Doll originally brought claims alleging hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendants moved to dismiss Ms. Doll's initial complaint. Defendants argued that because Ms. Doll did not allege that any Defendants employed 15 or more individuals during any relevant time period, she therefore failed to plead a required element of her *prima facie* claims brought under Title VII.

In response to Defendants' initial motion to dismiss, Ms. Doll filed an amended complaint which omitted her Title VII claims altogether. In her amended complaint, Ms. Doll asserts (1) discrimination and retaliation claims brought under the Pennsylvania Human Relations Act, 43 Pa Stat. § 951 *et seq.*; (2) Pennsylvania common law assault and battery claims; and (3) Pennsylvania common law negligent and intentional infliction of emotional distress claims. Defendants now move to dismiss Ms. Doll's amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for a failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). After Ms. Doll failed to respond to the pending motion to dismiss within 21 days, the Court ordered Ms. Doll's response. Because Ms. Doll did not file a response pursuant to the Court's order, the Court considers the motion unopposed.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action if it determines that it lacks subject matter jurisdiction. It is the plaintiff's burden to prove subject matter jurisdiction. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Mortensen v. First Federal Savings & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977) ("[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist.").

Here, Ms. Doll's amended complaint does not invoke subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. After removing the Title VII claims from her amended complaint, Ms. Doll's remaining claims are brought under state statutory and common law. Therefore, Ms. Doll's amended complaint does not invoke federal question jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Because Ms. Doll and Defendants are all citizens of Pennsylvania, diversity of citizenship jurisdiction is also inapplicable here. 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."). Federal courts may exercise supplemental jurisdiction only over claims sharing "a common nucleus of operative fact" with claims in which the district court has original jurisdiction. *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see* 28 U.S.C § 1367(a). Absent any independent basis of federal subject matter jurisdiction, the Court refrains from invoking supplemental jurisdiction over Ms. Doll's claims. Therefore, Ms. Doll's amended complaint is dismissed for lack of subject matter jurisdiction.[3]

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss and dismisses the amended complaint with prejudice. An appropriate order follows.

BY THE COURT:

_____

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3]     Accordingly, the Court need not assess whether Ms. Doll's claims should be dismissed pursuant to Federal Rule of Procedure 12(b)(6).